REVISED July 8, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-60291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2010**

Charles R. Fulbruge III
Clerk

FANG CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A00 040 170

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Fang Chen, a Chinese national, seeks review of the Board of Immigration Appeals' final order of removal. That order dismissed her appeal of the immigration judge's denial of Chen's applications for asylum and withholding of removal. Chen argues that the IJ's adverse credibility finding is not supported by the record. Because Chen filed her application for relief in December 2005,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this case is governed by the standards of the REAL ID Act for evaluating witness credibility in asylum and withholding of removal cases.[1] Although Chen applied for relief under the Convention Against Torture, she has waived that claim by failing to brief the issue before this court.[2]

We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."[3] In making his adverse credibility finding, the IJ noted, among other things, that: (1) Chen's husband moved to the United States in 2001, despite her claim that they wanted to have more children at that time; (2) the forced insertion and continued use of an intrauterine device (IUD) constituted a major element in Chen's asylum claim, but she had not yet removed the IUD at the time of her asylum hearing; (3) her claim that the 2005 flood in China prevented her from submitting additional corroborating evidence did not explain why she did not submit affidavits from her family members and friends; and (4) there were many inconsistencies between Chen's testimony at the asylum hearing and the information contained in the Form I-213 that was completed by a border patrol agent shortly after Chen's arrival in the United States. Our review of the record and Chen's arguments shows that the IJ's adverse credibility finding warrants deference.[4] Although we are not convinced that all cited inconsistencies were in fact inconsistent, we need not be, as the IJ's determination rested on an abundance of evidence that precludes us from saying "no reasonable fact-finder could make such an adverse credibility ruling."[5]

---

[1]See 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); 8 U.S.C. § 1231(b)(3)(C); REAL ID Act § 101(h)(2), Pub. L. 109-13, 119 Stat. 302, 305.

[2]See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004).

[3]Wang v. Holder, 569 F.3d 531, 538–39 (5th Cir. 2009) (quoting Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008)) (internal quotation marks omitted).

[4]See id.

[5]See id.

Because Chen's testimony was the primary evidence offered in support of her asylum claim, and the IJ found that testimony less than completely credible, she has not shown that her evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."[6]  Because her asylum claim does not warrant relief, her claim for withholding of removal also fails.[7]

Chen's petition for review is DENIED.

---

[6]Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (internal quotation marks and citation omitted); see also 8 U.S.C. § 1158(b)(1)(B)(ii) (specifying criteria allowing petitioner's credible testimony to constitute sole support for sustaining burden of proving eligibility for asylum).

[7]See Eduard v. Ashcroft, 379 F.3d 182, 186 n.2 (5th Cir. 2004).